United States District Court
Southern District of Texas
**ENTERED**
July 28, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALEKSEI P.,[1]<br>Petitioner,<br><br>v.<br><br>MICHAEL J. PITTS, *et al.*,<br>*in their official capacities*,<br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:26-cv-458 |

**REPORT AND RECOMMENDATION**
**TO DENY PETITIONER'S HABEAS PETITION**

Before the Court is Petitioner's Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Petitioner requests the Court order Respondents to release him from immigration detention, claiming it is prolonged without an individualized custody review. Dkt. No. 7 at 2. The Government responded with a Motion for Summary Judgement asking the Court to continue detention as mandatory. Dkt. No. 6. Because Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), it is recommended the Court deny the Petition.

Petitioner is a Russian national, currently detained by Immigration and Customs Enforcement at the Port Isaabel Detention Facility in Los Fresnos, Texas. Dkt. No. 7 at 2. Petitioner was paroled into the United States of November 6, 2021, and after his parole lapsed, he was served with a Notice to Appear in Immigration Court in October of 2025. *Id.* There, the Immigration Judge denied him relief on February 2, 2026, and order him removed to Russia. *Id.* Petitioner appealed this ruling to the Board of Immigration Appeals and that appeal remains pending. *Id.*

Petitioner challenges his current detention by immigration authorities "on one narrow

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

ground: as applied to him, on these facts, § 1225(b)(2)(A) violates the Fifth Amendment because it subjects him to prolonged civil detention without any individualized custody determination." Dkt. No. 7 at 2. In support of his claim, Petitioner alleges he is forty-one years of age and has lived in Tomball, Texas since 2021 with his spouse and child, has no criminal record, no history of immigration violations (other than his unlawful entry in 2021) and was arrested on September 23, 2025, during a routine immigration check-in. Dkt. No. 1 at 3.

Petitioner's challenges to the statutory authority under which he is detained fails, because Petitioner is detainable under 8 U.S.C. § 1225(b)(2), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). Second, Petitioner's challenges to his detention while his immigration proceedings are pending fails, because detention "during removal proceedings," even where such detention is without a bond hearing, is generally a "constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003).

It is therefore recommended that the Court:

(1) **DENY** the Petition (Dkt. No. 1),

(2) **GRANT** Respondent's Motion for Summary Judgment (Dkt. No. 6)

(3) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*,

875 F.3d 243, 248 (5th Cir. 2017).

Signed on July 28, 2026.

Karen Betancourt
United States Magistrate Judge